UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REYNA MURILLO                                              CIVIL ACTION

VERSUS                                                           NO. 20-1761

COLLIN DEL CUORE, ET AL.                       SECTION "R" (3)

## ORDER AND REASONS

Before the Court is plaintiff Reyna Murillo's motion to remand.[1] No defendant has filed opposition to the motion. For the following reasons, the Court grants the motion.

## I. BACKGROUND

Murillo filed this lawsuit on April 7, 2020, in the Civil District Court for the Parish of Orleans.[2] Plaintiff served defendants Collin Del Cuore and Own LLC on May 8, 2020,[3] and defendants Hertz Vehicles, LLC and United Financial Casualty Company on May 29, 2020.[4]

---

[1]   *See* R. Doc. 12-1.
[2]   *See* R. Doc. 1-2 at 3.
[3]   *See* R. Doc. 12-3.
[4]   *See* R. Doc. 1-1 at 2.

On June 18, 2020, Hertz timely removed the action to this Court.[5] Hertz's Notice of Removal states that this Court has diversity jurisdiction over this lawsuit because the parties are completely diverse, and the amount in controversy exceeds $75,000.[6] Hertz included a Notice of Consent to Remand, in which two defendants, Collin Del Cuore and OWN, LLC, provide written consent to removal.[7] Hertz did not include, nor does the record contain, the written consent of defendant United Financial Casualty Company. On July 17, 2020, plaintiff filed this motion to remand, arguing that Hertz's Notice of Removal is defective because United did not consent to removal in writing.[8]

## II. DISCUSSION

The rule of unanimity provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action" to federal court. 28 U.S.C. § 1446(b)(2)(A). "This does not mean that each defendant must sign the original petition for removal," but the Fifth Circuit requires "some timely filed written indication from each served

---

[5]  *See* R. Doc. 1.
[6]  *See id.* at 2-3, ¶ 4.
[7]  R. Doc. 1-4.
[8]  *See* R. Doc. 12.

2

defendant . . . that it has actually consented" to the removal. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir.1988). As to timeliness, each defendant must consent to removal within thirty days after the *last* defendant is served. *See, e.g., Tircuit v. Nat'l Liab. & Fire Ins.*, No. 12-2423, 2012 WL 5877974, at \*3 (E.D. La. Nov. 20, 2012); *Crowley v. Amica Mut. Ins.*, No. 12-775, 2012 WL 3901629, at \*3 (E.D. La. Sept. 7, 2012); *Elchehabi v. Chase Home Fin., LLC*, No. 12-1486, 2012 WL 3527178, at \*4 (S.D. Tex. Aug. 15, 2012). Although the *Getty* court left open the possibility that "exceptional circumstances" might warrant a departure from the rule of unanimity, the Fifth Circuit more recently indicated that such an exception would be granted only when defendant's lack of consent stemmed from plaintiff's misconduct. *See Ortiz v. Young*, 431 F. App'x 306, 307 (5th Cir. 2011).

Here, United has not consented to removal in writing. United filed an answer to the Notice of Removal responding to plaintiff's claims,[9] but United's answer does not address, let alone consent to, removal. *See Local Union No. 172 Int'l Ass'n of Bridge, Structural Ornamental & Reinforcing Ironworkers v. P.J. Dick, Inc.*, 253 F. Supp. 2d 1022, 1025 (S.D. Ohio 2003) ("[M]erely filing an answer in federal court is not an unambiguous

---

9     *See* R. Doc. 6.

manifestation to consent to removal . . . ."); *Prod. Stamping Corp. v. Maryland Cas. Co.*, 829 F. Supp. 1074, 1077 (E.D. Wis. 1993) ("[M]ere filing of an answer does not constitute a sufficient expression of consent."). Even if United's answer did constitute consent, it would be untimely. United filed its answer on June 30, 2020,[10] more than thirty days after it was served on May 29, 2020.[11] The Court finds that the rule of unanimity has not been satisfied and that no exceptional circumstances exist to warrant a departure from the rule.

For the foregoing reasons, the Court GRANTS plaintiff's motion.

New Orleans, Louisiana, this ___4th___ day of September, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[10] *See id.*
[11] *See* R. Doc. 1-1 at 2.